UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| LIQUID TRANSPORT, CORP. and<br>LIQUID TRANSPORT, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>EDGEWATER SYSTEMS (CANADA), INC.;<br>EDGEWATER SUPPORT SERVICES<br>(CANADA), INC.; PETER CREMER NORTH<br>AMERICA HOLDING, LP;<br>PETER CREMER NORTH AMERICA, INC.;<br>PETER CREMER NORTH AMERICA, LP;<br>OCTAGON PROCESS, INC.;<br>FREEDOM INDUSTRIES, INC.;<br>ETOWAH RIVER TERMINAL, LLC;<br>POCA BLENDING, LLC; and<br>SYLVITE TRANSPORTATION GROUP LTD.<br><br>    Defendants. | CIVIL ACTION NO.  2:06-0948 |

**FIRST AMENDED COMPLAINT**

Come now Plaintiffs, Liquid Transport, Corp. and Liquid Transport, LLC, by counsel, and for their First Amended Complaint against Defendants, Edgewater Systems (Canada), Inc.; Edgewater Support Services (Canada), Inc.; Peter Cremer North America Holding, LP; Peter Cremer North America, Inc.; Peter Cremer North America, LP; Octagon Process, Inc.; Freedom Industries, Inc.; Etowah River Terminal, LLC; Poca Blending, LLC; and Sylvite Transportation Group, Ltd., (collectively "Defendants") hereby state as follows:

## I.

## **PARTIES**

1.  Liquid Transport Corp. ("LTC") is an Indiana corporation doing business in the transportation industry as an interstate motor carrier with its principal place of business at 8470 Allison Pointe Blvd., # 400, Indianapolis, Indiana 46250. Liquid Transport, LLC ("LT, LLC") is an Indiana Limited Liability Company doing business in the transportation industry as an administrative services provider, providing services to motor carriers like LTC and is authorized to pursue claims for freight charges on behalf of LTC, with its principal place of business at 8470 Allison Pointe Blvd. #400, Indianapolis, Indiana 46250. LTC and LT, LLC are related companies and are hereinafter referred to as Liquid Transport.

2.  The sole member of Liquid Transport is Mr. Ronald Dana. Mr. Dana is a citizen of Puerto Rico.

3.  Upon information and belief, Edgewater Support Services (Canada), Inc. is an Ontario corporation with its principal place of business located in Ontario, Canada.

4.  Upon information and belief, Edgewater Systems (Canada), Inc. is an Ontario corporation with its principal place of business located in Ontario, Canada.

5.  Edgewater Systems (Canada), Inc. and Edgewater Support Services (Canada), Inc. shall hereinafter be collectively referred to as Edgewater.

6.  Peter Cremer North America Holding, LP is a Delaware limited partnership.

7.  Peter Cremer North America, LP is a Delaware limited partnership.

8.  Upon information and belief, Peter Cremer North America, LP and Peter Cremer North America Holding, LP are the same legal entity.

9. Upon information and belief, Raymond Bitzer is a partner of Peter Cremer North America, LP.

10. Upon information and Belief, Raymond Bitzer is a citizen of the state of Ohio.

11. Upon information and belief, the remaining partners of Peter Cremer North America, LP are citizens of Ohio or of Delaware.

12. Upon information and belief, Peter Cremer North America, Inc. is a Delaware corporation having its principal place of business in Ohio.

13. Peter Cremer North America Holding, LP; Peter Cremer North America, LP; and Peter Cremer North America, Inc. shall collectively be referred to herein as PCNA.

14. Upon information and belief, Octagon Process, Inc. ("Octagon") is a New York corporation with its principal place of business located at 450 Raritan Center Parkway, Suite F, Edison, New Jersey 08837.

15. Upon information and belief Freedom Industries, Inc. ("Freedom") is a West Virginia corporation with its principal place of business in Charleston, West Virginia.

16. Upon information and belief Etowah River Terminal, LLC ("Etowah") is a West Virginia LLC with its principal place of business located in Charleston, West Virginia.

17. Upon information and belief, Poca Blending, LLC ("Poca Blending") is a West Virginia LLC with its principal place of business located in Nitro, West Virginia.

18. Upon information and belief, Freedom is a member of Poca Blending.

19. Upon information and belief, all members of Poca Blending are citizens of West Virginia or Pennsylvania.

20. Upon information and belief, Etowah and Poca Blending share 100% common ownership.

3

21. Upon information and belief, Sylvite Transportation Group Ltd. ("Sylvite") is company doing business in the transportation industry as an interstate motor carrier with its principal place of business located at 4041 North Service Road, Burlington, Ontario L7L 4X6.

## II.

### Jurisdiction and Venue

22. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Court has federal question jurisdiction pursuant to 28 U.S.C. §1337, as set forth in the Supreme Courts decision in *Thurston Motor Lines, Inc. v. Jordan K. Rand, LTD*, 460 U.S. 533, 534 (1983).

23. Venue is proper in the Southern District of West Virginia under 28 U.S.C. 1391(a)(2) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district, the defendant companies conduct or conducted business through means of interstate commerce within this district, and the defendants are subject to personal jurisdiction within the district.

## III.

### COUNT I

### Breach of Contract for Interstate Transportation Services

24. Paragraphs 1-23 are incorporated herein by reference.

25. The matters complained of herein, and the liability of the Defendants, are predicated on the interstate transportation of property by Liquid Transport pursuant to bills of lading.

4

26. A true and accurate copy of the available bills of lading related to this action (hereinafter collectively or separately the "Bills of Lading") are attached hereto as Exhibit A.

27. The interstate transportation services provided to Defendants by Liquid Transport were performed in accordance with the Bills of Lading and Liquid Transport's applicable tariff provisions, which are available as required by federal statute.

28. In accordance with Liquid Transport's Rules Tariff ("Tariff") item 435, Liquid Transport is entitled to collect a service fee of $11 for each freight bill not paid within 14 days.

29. A true and accurate copy of Item 435 of the Tariff is attached hereto as Exhibit B.

30. Between January, 2006, and March, 2006, Liquid Transport hauled approximately 109 shipments pursuant to Bills of Lading naming "Peter Cremer North America, LP" or "Sylvite % Peter Cremer" as the shipper.

31. The Bills of Lading naming "Peter Cremer North America, LP" and "Sylvite % Peter Cremer" as the shipper contain an endorsement reading "Freight Bills to Edgewater Systems Canada, Inc."

32. Between January, 2006, and March, 2006, Liquid Transport hauled approximately 4 shipments pursuant to Bills of Lading naming "Octagon Process" as the shipper.

33. Each of the Bills of Lading naming "Peter Cremer North America, LP", "Sylvite % Peter Cremer", or "Octagon Process" as the shipper, or stating that Freight Bills should be forwarded to Edgewater, named either Etowah, Freedom, or Poca Blending as the consignee.

34. Freedom was the named consignee on four Bills of Lading naming Octagon as the shipper.

35. Poca Blending was named as the consignee on Bill of Lading number 220696 naming "Sylvite % Peter Cremer" as the shipper.

36. Etowah was named as the consignee on the remaining Bills of Lading.

37. Upon information and belief, Freedom was the consignee with an actual and beneficial interest in each of the shipments at issue.

38. Liquid Transport has not been paid for its services by any Defendant.

39. Upon information and belief, Defendants were the actual and beneficial owners, legal possessors, shippers/consignors, or consignees of the property for which interstate transportation services were provided by Liquid Transport pursuant to the Bills of Lading.

40. Defendants are responsible for payment of Liquid Transport's transportation charges.

41. Liquid Transport has performed all of the terms and conditions set forth in the Bills of Lading, and there is due and owing $ 121,878.90 pursuant to the Bills of Lading and Tariff as unpaid transportation charges.

42. Defendants, as the actual and beneficial owners, legal possessors, shippers/consignors, and/or consignees, have breached their duty under the Bills of Lading to pay the transportation charges owing to Liquid Transport.

WHEREFORE, Liquid Transport, by counsel, respectfully requests judgment against Defendants in the amounts set forth below:

    a. Against PCNA in the sum of $105,218.15, and

    b. Against Octagon in the sum of 16,660.75, and

    c. Against Sylvite in an amount to be determined at trial, and

    d. Against Etowah, Poca Blending, or Freedom Industries in the sum of $121,878.90, and

6

together with pre- and post-judgment interest, costs, and all other just and proper relief in the premises.

## IV.

## COUNT II

### Quantum Meruit

43. Paragraphs 1-42 are incorporated herein by reference.

44. On approximately 35 occasions, PCNA and/or Sylvite requested that Liquid Transport provide equipment and services but cancelled the request for service after Liquid Transport arrived in Cincinnati, Ohio as requested by PCNA and/or Sylvite.

45. Attached to this complaint as Exhibit C are true and accurate copies of each "Delivery Receipt and Driver Activity Record" prepared by Liquid Transport pursuant to these cancelled requests for service.

46. Pursuant to the requests of PCNA and/or Sylvite, Liquid Transport incurred expenses in the amount of $10,082.50.

47. Liquid Transport has not been reimbursed for these expenses.

WHEREFORE, Liquid Transport, by counsel, respectfully requests judgment against PCNA and/or Sylvite, in the sum of $10,082.50, together with pre- and post-judgment interest, costs, and all other just and proper relief in the premises.

## V.

## COUNT III

### Unjust Enrichment

48. Paragraphs 1-47 are incorporated herein by reference.

7

49. Defendants have received the benefit of the services and equipment provided by Liquid Transport.

50. Defendants' retention of the benefits conferred by Liquid Transport are unjust.

WHEREFORE, Liquid Transport, by counsel, respectfully requests judgment against Defendants in the amounts set forth below:

   a. Against PCNA in the sum of $115,300.65, and

   b. Against Octagon in the sum of 16,660.75, and

   c. Against Sylvite in an amount to be determined at trial, and

   d. Against Etowah, Poca Blending, or Freedom Industries in the sum of $121,878.90,

together with pre- and post-judgment interest, costs, and all other just and proper relief in the premises.

**LIQUID TRANSPORT, LLC**

**LIQUID TRANSPORT CORP.**

**By Counsel,**

**s/ J. Dustin Dillard**
Timothy L. Mayo (WVSB #5771)
J. Dustin Dillard (WVSB # 9051)
Flaherty, Sensabaugh & Bonasso, P.L.L.C.
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
(304) 345-0200

h:\users\jjohnston\cjh\liquid transport corp\edgewater 6767.51\amended complaint.doc

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| LIQUID TRANSPORT, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDGEWATER SYSTEMS (CANADA), INC.; )<br>EDGEWATER SUPPORT SERVICES )<br>(CANADA), INC.; PETER CREMER NORTH )<br>AMERICA HOLDING, LP; )<br>PETER CREMER NORTH AMERICA, INC.; )<br>PETER CREMER NORTH AMERICA, LP; )<br>OCTAGON PROCESS, INC.; )<br>FREEDOM INDUSTRIES, INC.; )<br>ETOWAH RIVER TERMINAL, LLC; )<br>POCA BLENDING, LLC; and )<br>SYLVITE TRANSPORTATION GROUP LTD. )<br>)<br>Defendants. | CIVIL ACTION NO. 2:06-0948 |

## CERTIFICATE OF SERVICE

I, J. Dustin Dillard, counsel for Liquid Transport, LLC, do hereby certify that on this 14th day of March, 2007, the foregoing **FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed CM/ECF participants.

Kent J. George, Esquire
W. Bradley Sorrells, Esquire
Robinson & McElwee, PLLC
P. O. Box 1791
Charleston, WV
*Counsel for Sylvite Transportation Group, Ltd.*

April Morgan Hincy, Esquire
Eckert Seamans Cherin & Mellott, PLLC
2400 Cranberry Squire, 2nd Floor
Morgantown, WV 26508-9209

Edward D. McDevitt, Esquire
Bowles Rice McDavid Graff & Love LLP
600 Quarrier Street
Charleston, WV 25301
*Counsel for Defendants Freedom Industries, Inc. Etowah River Terminal, LLC and Poca Blending, LLC*

Gary W. Hart, Esquire
Taylor M. Menlove, Esquire
Jackson Kelly PLLC
P. O. Box 553
Charleston, WV 25322
*Counsel for Defendant Octagon Process, Inc.*

Furthermore, I hereby certify that service of process was made upon the following parties by causing a true and exact copy thereof to be deposited in the regular course of the United States Mail, postage prepaid, in envelopes addressed to:

Kathleen Gallagher, Esquire
Of Counsel
Eckert Seamans Cherin & Mellott, PLLC
600 Grant Street, 4th Floor
Pittsburgh, PA 15219
*Counsel for Defendants Freedom Industries, Inc. Etowah River Terminal, LLC and Poca Blending, LLC*

Joanne C. Coldwell, Esquire
Aird & Berlis, LLP
BCE Place
181 Bay Street, Suite 1800
Box 754
Toronto, Ontario M51 2T9
*Counsel for Edgewater Systems (Canada), Inc. and Edgewater Support Services (Canada), Inc.*

2

Edgewater Systems (Canada), Inc. and Edgewater Support Services (Canada), Inc.
c/o Glenn Vanderlinden
35 Keefer Court, Hamilton
Ontario, Canada L8E 4V4


Peter Cremer North America, LP
3117 Southside Avenue
Cincinnati, OH 45204


/s/ J. Dustin Dillard
(WVSB # 9051)
*Counsel for Plaintiff*
Flaherty, Sensabaugh & Bonasso, P.L.L.C.
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
Phone: (304) 345-0200
Fax: (304) 345-0260
E-mail: ddillard@fsblaw.com

3