IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

LIQUID TRANSPORT, LLC,

    Plaintiff,

v.                                                       Civil Action No. 2:06-0948

EDGEWATER SYSTEMS (CANADA), INC.;
EDGEWATER SUPPORT SERVICES
(CANADA), INC.; PETER CREMER NORTH
AMERICA HOLDING, LP;
PETER CREMER NORTH AMERICA, INC.;
PETER CREMER NORTH AMERICA, LP;
OCTAGON PROCESS, INC.;
FREEDOM INDUSTRIES, INC.;
ETOWAH RIVER TERMINAL, LLC;
POCA BLENDING, LLC; and
SYLVITE TRANSPORTATION GROUP LTD.

    Defendants.

## AMENDED AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIMS OF DEFENDANTS FREEDOM INDUSTRIES, INC., ETOWAH RIVER TERMINAL, LLC AND POCA BLENDING, LLC

    Come now the Defendants, Freedom Industries, Inc., Etowah River Terminal, LLC and Poca Blending, LLC (hereinafter "Freedom Defendants") by their counsel, Eckert Seamans Cherin & Mellott, PLLC and, for their Affirmative Defenses, Answer to Plaintiff's First Amended Complaint ("Complaint") and Cross-Claim, hereby state as follows:

### FIRST AFFIRMATIVE DEFENSE

    The Complaint fails to state a cause of action against the Freedom Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

    In response to the separate paragraphs of the Complaint, the Freedom Defendants state as follows:

{W0013423.1}

1. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore, deny the same.

2. The Freedom Defendants are without sufficient knowledge for information to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, deny the same.

3. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 contains no allegations to which a response is required.

6. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, deny the same.

7. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, deny the same.

8. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, deny the same.

10. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, deny the same.

11. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13. Paragraph 13 contains no allegations to which a response is required.

14. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, deny the same.

15. The Freedom Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. The Freedom Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. The Freedom Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. The Freedom Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. The Freedom Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. The Freedom Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, deny the same.

22. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 23 of the Complaint.

## COUNT I

24. Paragraph 24 merely incorporates the allegations set forth in paragraphs 1-23 of the Complaint, and therefore, no response is required.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Freedom Defendants deny the existence of a contract between the Freedom Defendants and Liquid Transport under which they are liable for the payment of the sums sought in the Complaint.

26. Paragraph 26 contains no allegations to which a response is required.

27. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 and, therefore, deny the same.

28. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 and, therefore, deny the same.

29. Paragraph 29 contains no allegations to which a response is required.

30. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 30 of the Complaint.

31. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 33 of the Complaint.

34. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38, and therefore, deny the same.

39. Upon information and belief, the Freedom Defendants admit the allegations contained in paragraph 39 of the Complaint to the extent that they were the consignees of the property. With regard to the remaining allegations, the Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 39 and, therefore, deny the same.

40. The Freedom Defendants deny the allegations contained in paragraph 40 to the extent that it states the Freedom Defendants are contractually responsible for the payment of Plaintiff's transportation charges. With regard to the remaining allegations, the Freedom Defendants are without sufficient

knowledge or information to admit or deny the allegations contained in paragraph 40, therefore deny the same.

41. The Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 and, therefore, deny the same.

42. The Freedom Defendants deny the existence of a contract, express or implied, between the Freedom Defendants and Plaintiff. With regard to the remaining allegations, the Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 and, therefore, deny the same.

**WHEREFORE**, the Freedom Defendants, by counsel, deny that they are liable to Plaintiff in any manner and respectfully request that this Court enter judgment in their favor.

## COUNT II

43. Paragraph 43 merely incorporates the allegations made in paragraphs 1-42 of the Complaint, and therefore, no response is required.

44. The allegations contained in paragraph 44 are directed to Defendants other than the Freedom Defendants, and therefore, no response is required.

45. The allegations contained in paragraph 45 are directed to Defendants other than the Freedom Defendants, and therefore, no response is required.

46. The allegations contained in paragraph 46 are directed to Defendants other than the Freedom Defendants, and therefore, no response is required.

47. The allegations contained in paragraph 47 are directed to Defendants other than the Freedom Defendants, and therefore, no response is required.

## COUNT III

48. Paragraph 48 merely incorporates the allegations set forth in paragraphs 1-47 of the Complaint, and therefore, no response is required.

49. Freedom Defendants admit the allegations contained in paragraph 49.

50. Freedom Defendants deny the allegations contained in paragraph 50 to the extent they are directed against the Freedom Defendants. To the extent that allegations of paragraph 50 are directed to the remaining Defendants, the Freedom Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 and, therefore, deny the same.

**WHEREFORE**, the Freedom Defendants, by counsel, deny that they are liable to Plaintiff in any manner and respectfully request that this Court enter judgment in their favor.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the affirmative defenses of accord and satisfaction, estoppel, latches, payment, release, failure to mitigate, statute of frauds, and any other matter constituting an affirmative defense which may become apparent through the course of discovery.

### FOURTH AFFIRMATIVE DEFENSE

The Freedom Defendants are not liable to the Plaintiff by virtue of lack of privity of contract.

### FIFTH AFFIRMATIVE DEFENSE

The Freedom Defendants are not liable to the Plaintiff because the Freedom Defendants contracted with co-Defendant Edgewater to provide for the shipments at issue herein. Edgewater contracted with the Plaintiff and Edgewater is responsible for all sums sought by Plaintiff. Edgewater invoiced the Freedom Defendants for all freight charges in connection with the shipments delivered by Plaintiff and the Freedom Defendants have remitted payment in full to Edgewater for all such invoices.

### SIXTH AFFIRMATIVE DEFENSE

The Freedom Defendants specifically preserves, to the extent the same may be applicable after discovery, any and all affirmative defenses as set forth in rules 8, 9 and 12 of the West Virginia Rules of Civil Procedure.

**WHEREFORE**, the Freedom Defendants request that this Court enter judgment in their favor and against Plaintiff as to the Complaint herein, together with all costs, fees and such other further relief as this Court shall deem proper, fair and just under the circumstances.

## CROSS-CLAIMS

### Breach of Contract
### (Freedom, Poca and Etowah v. Edgewater)

1. The Cross-claim Plaintiffs incorporate by reference their responses to the Complaint above set forth in paragraphs 1-50

2. Cross-claim Plaintiff, Freedom Industries, Inc. ("Freedom"), is a full service producer of specialty chemicals for the mining, steel, and cement industries located in Charleston, WV. Freedom Industries is a leading producer of freeze conditioning agents, dust control palliatives, flotation reagents, water treatment polymers and other specialty chemicals.

3. Two subsidiaries of Freedom, Cross-claim Plaintiff Poca Blending, LLC ("Poca") and Cross-claim Plaintiff Etowah River Terminal, Inc. ("Etowah") (collectively "Cross-claim Plaintiffs") produce specialty products at production facilities located in Nitro, WV and Charleston, WV.

4. In connection with their production of such products, Cross-claim Plaintiffs purchase chemicals from various suppliers, including Peter Cremer North America, LP ("PCNA") and Octagon Process, Inc. ("Octagon"), co-Defendants herein.

5. Between January, 2006, and March 2006, Cross-claim Plaintiffs collectively received in excess of 113 deliveries from PCNA and Octagon.

6. The freight for each delivery was arranged for by Edgewater Systems (Canada), Inc. ("Edgewater"), a Canadian corporation with a principal place of business at 35 Keefer Count, Hamilton, Ontario, Canada.

7. Pursuant to the terms of the agreement between the Cross-claim Plaintiffs and Edgewater, Edgewater arranged for the delivery of each shipment from PCNA and Octagon, including the 113 shipments referenced in the Complaint ("Shipments") and invoiced the Cross-claim

Plaintiffs for the associated freight charges the Shipments. A true and correct copy of all available invoices from Edgewater to the Cross-claim Plaintiffs for shipments from PCNA and Octagon during the period of January 2006 to March 2006, corresponding to the bills of lading attached to the Complaint, are attached hereto as Exhibit 1.

8. Cross-claim Plaintiffs Freedom, Poca, and Etowah fully performed all terms and pursuant to their agreement with Edgewater, by paying in full invoices for freight charges, including those for the Shipments, and remitted payments to Edgewater totaling $168,281.23.

9. Upon information and belief, Edgewater contracted with Liquid Transport, LLC, the Plaintiff in the instant action, for the transportation of each Shipment to the Cross-claim Plaintiffs in West Virginia.

10. Upon information and belief, Edgewater has breached its contract with Liquid Transport, LLC by failing to fully compensate Liquid Transport, LLC for freight charges and services rendered in connection with the delivery of the Shipments to the Cross-claim Plaintiffs, even though Cross-claim Plaintiffs have already fully paid Edgewater for the same..

11. Upon information and belief, Liquid Transport, LLC, instituted the instant in civil action seeking to collect such the sums that Edgewater has failed to pay from Freedom, Poca, and Etowah, even though the Cross-claim Plaintiffs have already remitted full payment to Edgewater for the same.

**WHEREFORE,** Cross-claim Plaintiffs Freedom, Poca, and Etowah respectfully request judgment in their favor against Edgewater in the amount of $121,878.90, or such other amount as this Court finds that Liquid Transport to be entitled to receive and orders that the Cross-Claim Plaintiffs must pay in connection herewith, plus interest, costs and fees incurred in this action and such other further relief as this Court shall deem proper, fair and just under the circumstances..

## COUNT II

### Unjust Enrichment
### (Freedom, Poca and Etowah v. Edgewater)

12. Paragraphs 1-11 of the Cross-claim are incorporated herein by reference.

13. Edgewater has received a substantial benefit by reason of the Cross-Claim Plaintiffs' payment in full to Edgewater for invoices for freight charges, which totaled $168,281.23.

14. Edgewater's retention of such sum, without compensation to Liquid Transport, LLC for freight charges associated with the Shipments, is unjust.

15. To avoid the unjust result, Edgewater should be required to disgorge this benefit.

**WHEREFORE**, Cross-claim Plaintiffs Freedom, Poca, and Etowah respectfully request that is Court enter judgment in their favor against Edgewater in the amount of $121,878.90 or such other amount as this Court finds that Liquid Transport to be entitled to receive and orders that the Cross-claim Plaintiffs must pay in connection herewith, plus interest, costs and fees incurred in this action and such other further relief as this Court shall deem proper, fair and just under the circumstances.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: January 24, 2008

By /s/ April Morgan Hincy
April Morgan Hincy, Esquire (WV Bar # 8831)
Eckert Seamans Cherin & Mellott, LLC
1001 Corporate Dr., Suite 200
Canonsburg, PA 15317
724.873.2870 / 724.743.2901

Kathleen Gallagher, Esquire
Of counsel
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

*Counsel for Defendant Freedom Industries, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

LIQUID TRANSPORT, LLC,

    Plaintiff,

v.                                                      Civil Action No. 2:06-0948

EDGEWATER SYSTEMS (CANADA), INC.;
EDGEWATER SUPPORT SERVICES
(CANADA), INC.; PETER CREMER NORTH
AMERICA HOLDING, LP;
PETER CREMER NORTH AMERICAN, INC.;
PETER CREMER NORTH AMERICAN, LP;
OCTAGON PROCESS, INC.;
FREEDOM INDUSTRIES, INC.;
ETOWAH RIVER TERMINAL, LLC;
POCA BLENDING, LLC; and
SYLVITE TRANSPORTATION GROUP LTD.

    Defendants.

## CERTIFICATE OF SERVICE

A Copy of the foregoing AMENDED AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIMS OF DEFENDANTS FREEDOM INDUSTRIES, INC., ETOWAH RIVER TERMINAL, LLC AND POCA BLENDING, LLC was served this 24th day of January, 2008, via United States mail, first class, postage prepaid on the following parties and counsel of record:

Timothy L. Mayo, Esquire
FLAHERTY, SENSABAUGH & BONASSO
200 Capitol Street
Charleston, WV 25301
Counsel for Plaintiff

Kent J. George
ROBINSON & McELWEE
P. O. Box 1791
Charleston, WV 25326-1791
Counsel for Sylvite Transportation Group Ltd.

{W0013423.1}10

Edgewater Systems (Canada), Inc.
35 Keefer Court, Hamilton,
Ontario, Canada L8E 4V4
*(and via FedEx)*

Peter Cremer North America, LP
3117 Southside Avenue
Cincinnati, OH 45204

/s/ April Morgan Hincy